HART, TENERAY & CO. *et al. v.* W. T. DIXON &, BRO.

1. CHANCERY PRACTICE AND PLEADINGS. *Attachment bill.* An attachment bill which states the nature of the complainants' demand in such way as to show that it is just if established, is sufficient under the Code, sec. 3469, and a defect in the attachment bond is amendable.

2. PRINCIPAL AND AGENT. *Power of agent to bind the principal.* A power of attorney to represent the principal's interest in the settlement of certain claims does not authorize the attorney to bind the principal for the debts of third persons.

3. SAME. *Ratification by principal of acts of agent.* It is the duty of the principal who has received a benefit by the transfer of property to his agent, in consideration of the obligation of the principal to pay certain debts of third persons, which obligation was created by the agent beyond the scope of his authority, to repudiate the act of the agent promptly after full information of what had been done, otherwise the acceptance of the benefit will be a ratification.

---

FROM WASHINGTON.

---

Appeal from the Chancery Court at Jonesboro. H. C. SMITH, Chancellor.

KIRKPATRICK & ALLISON for complainants.

MAXWELL & DOSSER for defendants.

COOPER, J., delivered the opinion of the court.

On the 15th of January, 1878, Francisco & Barkley, merchants, made a general assignment of their stock of goods, accounts, etc., to a trustee for the benefit of their creditors equally, among whom were the complainants and defendants. On the 21st of

February, 1878, W. H. Morehead, purporting to act under powers of attorney from the principal creditors thus secured, who were residents of the cities of New York, Philadelphia and Baltimore, entered into an agreement in writing with Francisco & Barkley and the trustee, by which the trust assets were surrendered to Morehead for the benefit of his principals and such other of the creditors as might assent to the arrangement, and, in consideration thereof, the said Morehead, as such agent and attorney, agreed and bound the parties whom he represented, and whose names were signed to the powers of attorney, among whom were the defendants, W. T. Dixon & Bro., "to settle and satisfy all the other demands and debts against Francisco & Barkley" as per schedule attached. The complainants were, with the amount of their respective demands, mentioned in the schedule, and did not assent to the arrangement. This bill was filed against the defendants as non-residents of the State, by attachment of their property in this State, to obtain satisfaction of the demands of the complainant under the agreement as aforesaid. The chancellor rendered a decree in favor of the complainants, and the defendants appealed.

The defendants moved to quash the attachment sued out because issued "without a compliance by complainants with the conditions precedent prescribed by law in attachment cases." The motion is defective in not specifically pointing out the condition not complied with, and can only be allowed to reach defects in the preliminary proceedings which would be fatal in a col-

lateral attack. Such a defect is found, it is said, in the failure to state the nature of the complainants' debts and that they are just. Code, sec. 3469. But the bill does distinctly state the nature of the demand of the several complainants, and in such a way as to show that they are just, if maintainable. This is sufficient. *Alston* v. *Sharp*, 2 Lea, 516. A defect in the attachment bond is amendable. Code, sec. 3477; *Alexander* v. *Lisby*, 2 Swan, 107.

In their answer to the bill, the defendants admit the execution of the trust deed as alleged, and say that while the trustee was proceeding under it, "one W. H. Morehead, as the representative of certain creditors residing in Baltimore, Philadelphia and New York, began and concluded negotiations with said trustee, which are fully evidenced and set out by the papers then drawn" exhibited with the bill. They add that they deny the authority of Morehead to bind them for the payment of the debts of complainants, or any of the other debts secured by the deed. The power of attorney executed by the defendants appoints Morehead their attorney "to represent our interests in the matter of the settlement of our claims against Francisco & Barkley, with power to use all due means, course and process in law, for the full, effectual and complete execution of the business aforesaid," to execute due acquittance, to represent them before any court, to submit to arbitration, to appoint attorneys, "and generally to say, do, act, transact, determine, accomplish and finish all matters and things whatsoever relating to the premises as fully, amply and

effectually to all intents and purposes as we, the said constituents, if present, could or might do personally, although the matter should require more special authority than is herein comprised." It is obvious that the only authority given the attorney is to represent the principals in the matter of the settlement of their claims. There is clearly no authority to bind the principals for the debts of third persons.

But the answer admits that the attorney did, as the representative of respondents, begin and conclude the negotiations set out in the bill. There is no repudiation of the transaction thus consummated, or statement that the respondents refused to accept its benefits. It was the duty of the defendants, when fully informed of what had been done, and the answer shows that they were thus informed, to repudiate the act, if they did not mean to be bound by the obligation entered into. The law was so held by this court, where a party's name was signed to a replevy bond without authority, in *Fort* v. *Coker*, 11 Heis., 579. And the authorities are uniform that ratification may be not only express, but by acts and conduct inconsistent with any other hypothesis than that the party approved and intended to adopt what had been done in his name. *Hatton* v. *Stewart*, 2 Lea, 235; *Williams* v. *Storm*, 6 Cold., 203; *W. & A. R. Co.* v. *McElwee*, 6 Heis., 209; *Evans* v. *Buckner*, 1 Heis., 291; *Southern Life Ins. Co.* v. *Booker*, 9 Heis., 622. The whole tenor of the answer, its silence in some respects as well as its admissions in other respects, fairly imply that the benefits of the negotiations concluded by Morehead, "as

the representative of certain creditors," of whom were the defendants, have been accepted by the defendants, who have thereby ratified the obligation of the bond which constituted the consideration for the trade.

There is no error, therefore, in the decree of the chancellor, and it is affirmed.